1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM MITCHELL,

                                 Petitioner,

        v.

WARDEN INGRAM,

                                 Respondent.

Case No. C15-1290-RAJ-JPD

REPORT AND RECOMMENDATION

14      <u>INTRODUCTION AND SUMMARY CONCLUSION</u>

15      Petitioner William Mitchell has filed a petition for writ of habeas corpus under 28 U.S.C.

16      § 2241.  Petitioner filed this action while he was confined at the Federal Detention Center

17      ("FDC") in SeaTac, Washington, but he has since been transferred to the Federal Correctional

18      Institution ("FCI") in Talladega, Alabama.  Petitioner asserts in his petition that he was deprived

19      of good time credits without due process of law in disciplinary proceedings at FDC SeaTac.

20      Respondent has filed a motion to dismiss petitioner's petition in which he argues that petitioner

21      failed to exhaust his administrative remedies and that petitioner has failed to state a claim.

22      Petitioner has not filed a response to respondent's motion to dismiss, despite having been

23      provided additional time to do so.   This Court, having reviewed petitioner's federal habeas

REPORT AND RECOMMENDATION
PAGE - 1

petition, respondent's motion to dismiss, and the balance of the record, concludes that respondent's motion to dismiss should be granted and that the petition and this action should be dismissed with prejudice.

<u>BACKGROUND</u>

On November 19, 2014, petitioner was indicted in this district on multiple counts of bank robbery and interference with commerce by robbery. *United States v. Mitchell*, CR14-339-RAJ, Dkt. 3. On November 28, 2014, petitioner was ordered detained pending trial and he was confined at FDC SeaTac for the duration of his criminal proceedings in this Court. *See id.*, Dkts. 10, 14. Petitioner entered a guilty plea on June 16, 2015, and he was sentenced on January 22, 2016 to a term of 127 months confinement. *See id.*, Dkts. 29, 31, 44, 45. As noted above, petitioner is now confined at FCI Talladega.

On February 25, 2015, petitioner was involved in a fight with another inmate at FDC SeaTac. *See* Dkt. 17, Ex. D. When staff attempted to break up the fight, petitioner elbowed an officer in the face with his elbow. *Id.*, Ex. D at 3. Petitioner was charged with two violations: (1) fighting with another person, and (2) assaulting another person. *Id.*, Ex. D at 1. A hearing was held before a disciplinary hearing officer ("DHO") on April 13, 2015, and petitioner was found to have committed the prohibited acts as charged. *Id.*, Ex. D at 2. As a result of this finding, petitioner was given 60 days in disciplinary segregation and 27 days of good conduct time ("GCT") were disallowed. *Id.*, Ex. D at 4.

On May 12, 2015, petitioner filed an administrative remedy appeal challenging the disallowance of the 27 days GCT on the grounds that the DHO did not hold petitioner's hearing for over 40 days, and the DHO failed to provide petitioner with a copy of the report reflecting the DHO's decision. *Id.*, Ex. C at 1. The Western Regional Director for the Bureau of Prisons

REPORT AND RECOMMENDATION
PAGE - 2

("BOP") responded to petitioner's appeal on June 8, 2015, advising that the Unit Disciplinary Committee ("UDC") and the DHO were being directed to rehear the matter.  Dkt. 17, Ex. C at 2. Plaintiff was further advised that if he was dissatisfied with the response, he could appeal to the Office of General Counsel.  *Id*.

On June 9, 2015, petitioner filed a second administrative remedy appeal with the Western Regional Office of the BOP challenging the same disciplinary matter, but that appeal was rejected on June 11, 2015 for failure of petitioner to provide necessary information in conjunction with the appeal.  *See id*. at 3 and Ex. B at 2.

The DHO reheard the matter on June 29, 2015.  *Id*., Ex. E.  Petitioner refused to attend the rehearing because the rehearing was to be conducted by the same DHO who conducted the original hearing.  *Id*.  Petitioner's designated staff representative was, however, present at the hearing.  *See id*.  The DHO once again found that petitioner had committed the charged prohibited acts and imposed the same sanctions.  *Id*.  A copy of the DHO report for the rehearing was sent to petitioner via the institutional mailroom on July 16, 2015, but petitioner claimed he never received the report.  *Id*., Ex. E at 5.  Another copy of the report was personally delivered to petitioner on August 20, 2015 by his staff representative.  *See id*.  According to respondent, petitioner never appealed the June 8, 2015 response from the Regional Director to the Office of General Counsel, nor did he file an administrative remedy appeal challenging the June 29, 2015 DHO action, and the time to do so has now expired.  *See id*. at 3.

<u>DISCUSSION</u>

Respondent moves for summary judgment under Fed. R. Civ. P. 56 based upon petitioner's failure to exhaust his administrative remedies.  Respondent also moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) based upon petitioner's failure to state a claim

REPORT AND RECOMMENDATION
PAGE - 3

upon which relief may be granted.  (*See* Dkt. 16 at 3-4.)  The Court need only address the first of these two arguments.

The Ninth Circuit Court of Appeals has made clear that federal prisoners seeking relief under § 2241 are generally required to exhaust their available administrative remedies prior to bringing a petition for writ of habeas corpus in the federal courts. *See, e.g., Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54-55 (1995).  Exhaustion of administrative remedies in § 2241 cases is not required by statute and, thus, is not jurisdictional. *Brown*, 895 F.2d at 535.  However, the fact that exhaustion is not jurisdictional does not excuse a petitioner from complying with the exhaustion requirement, it means only that the exhaustion requirement may, if appropriate, be excused by the Court. *See id*.

The BOP has established an administrative remedy process through which federal prisoners may seek review of almost any aspect of their imprisonment. *See* 28 C.F.R. §§ 542.10, *et seq*.  The BOP Administrative Remedy Program has four levels of review.  First, a federal prisoner must attempt informal resolution with staff.  28 C.F.R. § 542.13.  If unsuccessful, a prisoner must next present his claim to the Warden of the institution where he is then incarcerated. *See* 28 C.F.R. § 542.14.  A prisoner who is dissatisfied with the response received from the Warden may appeal that decision to the appropriate Regional Director within twenty (20) days.  28 C.F.R. § 542.15(a).  An inmate who is dissatisfied with the response received from the Regional Director may appeal that decision to the Office of General Counsel within thirty (30) days. *Id*.  An appeal to the Office of General Counsel is the final administrative appeal. *Id*.  An inmate who seeks to appeal a decision of a DHO is excepted from the requirement of filing

REPORT AND RECOMMENDATION
PAGE - 4

1    an appeal at the institutional level and must, instead, file his initial appeal directly to the

2    Regional Director.  28 C.F.R. § 542.14(d)(2).

3           Respondent argues in his motion to dismiss that petitioner failed to exhaust his

4    administrative remedies because he never appealed the June 8, 2015 response of the Regional

5    Director to the Office of General Counsel, and he never filed any administrative remedy appeal

6    challenging the June 29, 2015 rehearing.  Dkt. 16 at 6.  As noted above, petitioner did not

7    respond in any fashion to respondent's motion to dismiss.  He did, however, incorporate into his

8    petition arguments pertaining to the exhaustion requirement.  Specifically, petitioner asserts in

9    his petition that he was denied access to the administrative remedy process and was therefore

10   unable to exhaust his administrative remedies.  Petitioner claims that he attempted to file

11   numerous administrative remedies and that some were never filed while others were filed but

12   never answered.  Dkt. 6 at 3.  Petitioner further claims that he was never informed of the findings

13   of the DHO on rehearing nor was he informed of the status of any appeals.  *Id.*

14          Petitioner's general grievances regarding the BOP administrative remedy program are not

15   properly before the Court in this federal habeas action.  As petitioner was previously advised, his

16   claims that he was denied access to the administrative remedy program are relevant in this action

17   only to the question of whether he properly exhausted his claim that he was deprived of good

18   time credit without due process of law.  *See* Dkt. 15 at 3 n.3.

19          While petitioner asserts that he was never informed of the findings of the DHO on

20   rehearing, the evidence in the record demonstrates that a copy of the DHO report for the

21   rehearing was routed to petitioner through the FDC SeaTac mailroom on July 16, 2015, and that

22   one or more copies of the report were hand-delivered to petitioner at FDC SeaTac in late August

23

REPORT AND RECOMMENDATION
PAGE - 5

2015 after petitioner told staff he never received the first copy. [1] *See* Dkt. 17, Ex. E at 5. Petitioner filed the instant habeas petition on August 12, 2015, after the original copy of the report was routed to him through the institutional mail, but before the report was hand delivered to him at the facility.  Petitioner has offered no subsequent evidence or argument demonstrating that he was precluded from pursuing his administrative remedies after hand delivery of the report to him in August 2015.  That report specifically advised petitioner that he had 20 days to appeal and, yet, there is no evidence that he ever attempted to do so.  While petitioner also claims that he was never informed of the status of any appeals, that assertion is too vague to warrant further analysis and, in any event, lack of notice regarding earlier appeals would not have affected his ability to pursue an appeal after receiving a copy of the DHO report for the rehearing in August 2015.

Petitioner fails to demonstrate that he exhausted his administrative remedies with respect to his claim that he was deprived of good time credit without due process of law, or that the exhaustion requirement should be excused in the circumstances of this case.  Petitioner's federal habeas petition must therefore be dismissed.

<u>CONCLUSION</u>

For the reasons set forth above, this Court recommends that respondent's motion to dismiss be granted and that petitioner's petition for writ of habeas corpus be dismissed with prejudice for failure to exhaust administrative remedies.  A proposed order accompanies this Report and Recommendation.

---

[1] It is unclear from the record whether one or two copies of the DHO report for the rehearing were hand delivered to petitioner in August 2015.  The copy of the DHO report submitted by respondent in support of his motion to dismiss indicates that a copy of the report was delivered to petitioner by his staff representative, Mr. Thorpe, on August 20, 2015.  *See* Dkt. 17, Ex. E at 5.  The report also indicates that the DHO, Randy McWilliams, delivered a copy of the report to petitioner on August 26, 2015.  *Id*.

REPORT AND RECOMMENDATION
PAGE - 6

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **June 1, 2016**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 3, 2016.**

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 11th day of May, 2016.

JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 7